UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. ANDRUS, | Case No. 1:19-cv-01540-JDP |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR |
| v. | FAILURE TO EXHAUST |
| J. SULLIVAN, | OBJECTIONS DUE IN THIRTY DAYS |
| Respondent. | ECF No. 1 |

Petitioner Jason A. Andrus, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner claims that the prison's late service of a rules violation report caused petitioner to lose 121 days of credit. *Id*. at 7. Petitioner has not stated that he sought any state-level judicial review of his claims before filing the instant petition, and he has provided no proof of any such proceedings. We will order petitioner to show cause why his petition should not be dismissed for failure to exhaust his claims.

**Discussion**

This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the habeas petition and order a response thereto unless it "plainly appears" that the

1

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Absent rare circumstances, a state prisoner shall not be granted federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b)(1)(A). A petitioner can satisfy the exhaustion requirement by providing if the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). The exhaustion doctrine is based on comity; it gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If petitioner is currently pursuing relief in state court—and we have no indication that he is—the existence of such a parallel proceeding would warrant the court's abstinence from considering this case to allow state courts the first opportunity to address petitioner's claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Here, it appears that petitioner has not sought any remedy in state court. *See generally* ECF No. 1. If so, this amounts to a failure to exhaust his claims. *See Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). Accordingly, petitioner must show cause why his petition should not be dismissed for failure to exhaust. If petitioner has not exhausted his claims at the state level, he may move to withdraw his entire petition and return to federal court when he has exhausted his state court remedies.[1] Alternatively, petitioner may move to stay and hold in abeyance the petition while he exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir. 2002).[2] Finally, if petitioner

---

[1] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

[2] Although two procedures, *Rhines* and *Kelly*, are available to stay a petition and hold it under abeyance, petitioner's circumstances likely dictate that a *Rhines* stay is the appropriate procedure here. Under *Rhines*, a "stay and abeyance" is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the

has exhausted his claims, he may file a first amended complaint which demonstrates this exhaustion.

**Order**

1. Within thirty days from the date of service of this order, petitioner must respond to our order to show cause.
2. The clerk's office is directed to send petitioner a Section 2254 petition form.
3. Petitioner's failure to comply with this order may result in the dismissal of this action.[3]

IT IS SO ORDERED.

Dated: March 18, 2020

UNITED STATES MAGISTRATE JUDGE

No. 206.

---

petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78. If petitioner wishes to stay his petition under *Rhines*, he must demonstrate that he meets the three requirements of *Rhines* in his response to this order to show cause. On the other hand, a *Kelly* stay is available where a petition contains both exhausted and unexhausted claims. Because all claims in the petition appear to be unexhausted, a *Kelly* stay is not appropriate here.

[3] Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).