UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. ANDRUS,<br><br>   Petitioner,<br><br>   v.<br><br>J. SULLIVAN,<br><br>   Respondent. | Case No.   1:19-cv-01540-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIMS<br><br>RESPONSE DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Jason A. Andrus, a state prisoner without counsel, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner claims that his prison's delayed service of a rules violation report caused him to lose 121 days of credit. *Id*. at 7. On March 18, 2020, we ordered petitioner to show cause within thirty days of the date of service of our order why the petition should not be dismissed for failure to exhaust his claims. ECF No. 8. More than thirty days have passed, and petitioner has failed to respond to our order. For the following reasons, we recommend that the petition be dismissed.

**Discussion**

Absent rare circumstances, a state prisoner shall not be granted federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b)(1)(A).  A petitioner can satisfy the exhaustion requirement by providing the highest

state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The exhaustion doctrine is based on comity; it gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Here, petitioner has not stated that he sought any internal prison review or state-level judicial review of his claims before filing the instant petition, and he has provided no proof of any such proceedings.[1] *See generally* ECF No. 1.  We gave petitioner an opportunity to show exhaustion, and he has failed to do so.[2]  Therefore, we find that petitioner has failed to meet his burden to show he has exhausted his claims prior to filing his petition.  Because it plainly appears that petitioner is not entitled to relief, we recommend that the petition be dismissed.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial

---

[1] Petitioner stated "N/A" on all sections of his habeas petition related to exhaustion.

[2] In our order to show cause, we also provided petitioner an opportunity to seek a stay and abeyance of his petition to exhaust his claims or to file a first amended complaint demonstrating exhaustion.  ECF No. 8.

showing of the denial of a constitutional right. Thus, we recommend that the court decline to issue a certificate of appealability.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court grant dismiss the petition as untimely and for failure to state a claim and decline to issue a certificate of appealability. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

IT IS SO ORDERED.

Dated:   May 12, 2020                             _____
                                                  UNITED STATES MAGISTRATE JUDGE


No. 206.

3